Lotus Residences LLC v Northfield Ins. Co.

2026 NY Slip Op 03272

May 26, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Lotus Residences LLC, et al., Plaintiffs-Appellants,

v

Northfield Insurance Company, Defendant-Respondent, Castillo Contractors, Inc., et al., Defendants.

Decided and Entered: May 26, 2026

Index No. 653599/20|Appeal No. 6732|Case No. 2025-02553|

Before: Manzanet-Daniels, J.P., Friedman, Kapnick, Shulman, Higgitt, JJ.

Stonberg Hickman & Pavloff LLP, New York (Sherri N. Pavloff of counsel), for appellants.

Usery & Associates, New York (Lisa Marie Szcepanski of counsel), for respondent.

[*1]

Order, Supreme Court, New York County (Lori S. Sattler, J.), entered on or about March 12, 2025, which denied plaintiffs' motion pursuant to CPLR 5015(a) to vacate a default judgment against defendant Castillo Contractors, Inc., unanimously affirmed, without costs.

In this action arising out of an insurance coverage dispute in an underlying personal injury action, the motion court providently exercised its discretion in declining to vacate the default judgment entered against Castillo on defendant Northfield Insurance Company's cross-claim against it for a declaration of no coverage based upon the policy's "employer exclusion." Plaintiffs did not oppose Northfield's motion for a default judgment.

On appeal, plaintiffs seek vacatur of the default judgment in the interests of justice or pursuant to CPLR 5015(a)(3), neither of which requires a showing of reasonable excuse. Indeed, plaintiffs offer no explanation for their failure to oppose Northfield's motion for a default judgment against Castillo. Instead, they argue that the default judgment was premised on Northfield's misrepresentation that the policy's employer exclusion applied, even though the Workers' Compensation Board determined in 2020 that the injured plaintiff in the underlying action was not Castillo's employee.

No grounds for vacatur exist under CPLR 5015(a)(3) (see Matter of People v VDARE Found., Inc., 227 AD3d 423, 423-424 [1st Dept 2024], lv denied 41 NY3d 1009 [2024]). Plaintiffs do not claim that they had no knowledge of the Board's decision at the time of Northfield's motion, nor do they explain why they waited almost a year after entry of the default judgment to bring it to the court's attention.

Plaintiffs also have not shown that the default judgment should be vacated in the interest of justice. The default judgment against Castillo does not preclude plaintiffs from litigating against Northfield for coverage under the policy as additional insureds, nor does it deny plaintiffs any existing rights since "any effect the court's declaration may have on [their] possible future interests is too remote and contingent" (Hermitage Ins. Co. v 186-190 Lenox Rd., LLC, 142 AD3d 422, 424 [1st Dept 2016]; cf. Marbru Assoc. v White, 143 AD3d 560, 560-561 [1st Dept 2016]). On the other hand, were the default judgment vacated, Northfield would be forced to litigate issues concerning its coverage and indemnification of Castillo, despite Castillo's ongoing default.

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 26, 2026